### DONALDSON *vs.* WINTER.

The sentence of a court of probate, ordering the execution of a will, is *prima facie* evidence of its having been duly proved.

Whether in regard to sheriff's deeds as the law supposes the original to be delivered up by the recording officer, a copy be evidence until the original be accounted for? *Quere.*

A sheriff's deed, without a judgment, confers no title.

If the records of a court of justice be lost, secondary evidence may be received, and if written copies do not exist of them, their contents may be proved by parol testimony.

It is a sound principle of construction never to consider laws as applying to cases, which arise previous to their passage, unless the legislature declared such to be their intention.

APPEAL from the court of the second district, the judge thereof presiding.

This was a petitory action, in which both parties set up title to the land in controversy.—

DONALDSON
*vs*
WINTER.

The plaintiff claimed as universal heir under the will of her deceased husband, Donaldson, who, it appeared, bought the lots in question, in 1806. The defendant, by virtue of a sheriff's sale which purported that the disputed premises were sold in 1816, as the property of Donaldson, at "the suit of the undertaker of roads and levees," to one Walker Gilbert, under whom the defendant claimed.

In the sale to Gilbert, the sheriff recites that he sells by virtue of an order to him directed, and the parish judge testified that he had the property advertised and sold according to law; but it appeared on the trial, that no judgment had been obtained against Donaldson, nor was there any proof that such a suit had ever existed.

Several bills of exceptions were taken on the trial, and are very fully considered in the opinion of the court.

The judge below decreed that the plaintiff recover the land, but gave judgment against her for the value of the improvements made by defendant. The plaintiff appealed.

*McCaleb*, for the appellant, made the following points:

1. The objection taken by the defendant to the plaintiff's right to sue, cannot be maintained; for the will of her deceased husband makes her uni-

versal heir, and this will was a nuncupative

will under private signature duly made and proved. Old Code, p. 228, art. 96, p. 242, art. 153, 155, 157.

2. Having a right to sue, the next inquiry will be, what title does the plaintiff exhibit to the land or lots in controversy. Her titles are conclusive—see two acts of sale to Wm. Donaldson, dated in 1806.

3. The plaintiff having shown a good title to the lots must recover, unless the defendant can prove that she has become legally divested of that title. Her title (says the defendant) has been divested by a deed of conveyance made by the sheriff of the parish of Ascension, to Walker Gilbert. To this sale the plaintiff replies that it was illegal and null, on the following grounds, viz.

1. Because the defendant has not shown by legal proof, that such sale was made in strict conformity to the provisions of the law. If under the regulations of the Police Jury, the prior formalities to be observed in adjudicating lands or lots, are found in the following sections and laws. 2 M. D. p. 586, sec. 1—3 M. D. 302, sec. 22—2 M. n. s. 455—3 M. D. 290, sec. 7, acts of 1816—2 M.D. 602, sec 23, 24, 29, 37, 38, 39.

These prior formalities must be pursued be-fore plaintiff's land could be sold, and she has a right to demand that defendant show by proof, that they were pursued. 4 Cranch, 403—4 Wheaton, 77—5 Wheaton, 116—4 Martin, 54—6 Wheaton, 119—9 Martin, 489—8 Wheaton, 681—10 Martin, 308—11 Martin, 706—4 n. s. 456.

The proof offered was illegal and insufficient, and was properly excepted to, no loss of re-cords was established, and parol testimony ought not to have been received.

The sale to Gilbert was not good proof, being the *copy* as recorded on the book of record of sheriffs' sales of the parish of Ascension. The original bill of sale should have been produced. 2 M. D. 337—1 M. n. s. 189—5 n. s. 500—4 n. s. 471—n. C. C. article, 2255, 2256, 2258, 2415.

*Watts,* for appellee.

1. The plaintiff did not make out in proof the title set up by her to the lands claimed, and ought to have been nonsuited or judgment given for defendant.

2. On the evidence produced the defendant ought to have been adjudged owner of the land.

3. But if the court should not so decree, then he says that there is not any error in said judgment as against plaintiff appellant, and prays that the judgment appealed from be affirmed with costs.

PORTER J. delivered the opinion of the court. The plaintiff, as universal heir of the late Wm. Donaldson, claims from the defendant, a number of lots in the town of Donaldsonville, which she alleges to be her property.

The defendant admits he is in possession of the land mentioned in the petition, but denies that the plaintiff has any right under the will of Donaldson.

He also sets up title under a purchase from Walker Gilbert, who bought at a sale made by the sheriff of the parish of Ascension, under an execution or order of seizure bearing date the          day of          1816, issued by the judge of said parish, for a duty legally assessed on said lands of six hundred and eighty dollars for the making a levee in front thereof on the Bayou Fourche.

And he pleads the prescription of three, five, and ten years. And prays that if he be evicted, the plaintiff shall be decreed to pay

him two thousand five hundred dollars, the value of improvements put by him on the premises.

Several bills of exceptions were taken on the trial.

The first was to the introduction of Donaldson's will in evidence. It was objected to on the following grounds:—

1. That it should have been signed by five witnesses, not including Livingston.

2. That it was not proved according to law nor ordered to be executed.

The will concludes in these words: "which has been dictated by me to Edward Livingston, one of the witnesses thereof, written by him in my presence, and declared as my last will and testament, in the presence of the other witnesses, who have signed the same this 28th of August 1813, signed "William Donaldson. Acknowledged and delivered by the said testator to be his last will and testament in our presence," signed, "George W. Dewees, Richard Relf, Benjamin Morgan, Edward Livingston, Waters Clark."

By the provisions of the *Old Code* in force at the time this will was opened it is declared to suffice for the validity of a nuncupative act

under private signature, that the testator, in

the presence of five witnesses, "presents the paper on which he has written his testament, or caused it to be written out of their presence, declaring to them that that paper contained his last will."

It is contended the will offered here is of no effect, because it does not appear that it was presented to all the witnesses at the same time, nor signed in presence of them, nor that the witnesses signed in presence of each other.

The proof on which the testament was admitted to probate consisted of the oath of three of the witnesses, who declared that it "was made at the instance and under the direction of the late Wm. Donaldson, deceased, at New Orleans, the 27th instant, is the same that the late William Donaldson caused to be written in his presence, by Mr. Edward Livingston, on the 28th August, *anno domini*, 1813, and also, that they recognized their signatures as well as that of the testator, given in their presence, at the foot of the said last will, and, which the said William Donaldson told them was such, his last will and testament, for the purpose therein mentioned.

Eastern District.
*April*, 1830.

DONALDSON
*vs.*
WINTER.

The sentence of a court of probate, ordering the execution of a will, is *prima facie* evidence of its having been duly proved.

The proof is literally that required by the 157th article of the *Code* for the admission of the will to probate. The whole proceedings by the court which ordered the execution of it appears to be regular, and in conformity with law. The sentence therefore is *prima facie* at least binding on all persons. Whether it is not conclusive, may be doubted, but it is unnecessary to examine that question, for no proof was adduced on the trial to contradict the evidence on which the probate was granted.

There are four bills of exceptions taken by the plaintiff. The points of law presented by them, appear to us correctly decided by the judge in the first instance. There is only one of them which requires particular examination.

The bill of exceptions states that the defendant having introduced in evidence the deed of sale of the sheriff of the parish of Ascension, to Walker Gilbert, recorded in the book of records of sheriffs' sales of the parish of Ascension, the plaintiff objected to its admission, &c. &c.

Whether in regard to sheriffs' deeds, as the law supposes the original to be deemed

If the instrument offered was a copy, there was error in admitting it. The law in regard to sheriffs' deeds supposes the original to be

delivered up by the recording officer, and until it is accounted for, the copy is inferior evidence. But we cannot gather from the exception taken in this case, whether it was the original which had been recorded, or a copy from the record which was offered by the defendant. As it was the duty of the plaintiff to bring up the facts in such a manner as to enable us to decide whether there was error or not, she cannot have the cause remanded, or the decision of the court below overruled.

The court below thought that the sheriff's deed, without a judgment did not support the defendant's right to the land, and in that opinion we concur.

We are not to be understood in giving our assent to the conclusion of the judge below, to do so on one of the grounds on which its correctness has been assailed here. If the records of a court of justice be lost, we see no reason why, after their existence and loss are established, that the next best evidence which the nature of the case is susceptible of should not be received, and if written copies do not exist of them, the contents may be established by parol testimony. But for obvious reasons, this proof should be re-

Eastern District.
*April*, 1830.

DONALDSON
*vs.*
WINTER.

livered up by the recording officer, a copy be evidence until the original be accounted for?— *Quere.*

A sheriff's deed without a judgment confers no right.

If the records of a court of justice be lost, secondary evidence may be received; and if written copies do not exist of them, their contents may be proved by parol testimony.

ceived with great caution; and in the case before us it is far from satisfactory. The keepers of the records in which the proceedings should have been preserved, testify not only to the non-existence of any such suit among them, but they also declare that none such is found on the docket or minutes which have been kept of the legal proceedings in the parish. The sheriff recites in the conveyance that he sold by virtue of an order to him directed, without saying from what court or judge that order emanated. None of the witnesses prove that a judgment or decree was regularly entered up. The parish judge comes nearer it than any other, and he goes no further than to swear "that he had the works advertised and sold at public sale according to law—that all the formalities required by law were complied with."

In decreeing the defendant to restore possession of the premises to the plaintiff, the court directs that, previous thereto, the latter should pay to the former six hundred and eighty dollars, the amount made out of the sale and applied to the payment of the testator's debts, together with the sum of two

thousand dollars, the value of the improve- ments made by the defendant on the land.

The first part of this direction was clearly correct and requires no observations from the court. The justice and legality of the other has been impugned principally on the ground that allowance was not made in favor of the plaintiff for the fruits made from the soil since the institution of the suit; at which time it is asserted he ceased to be in good faith. This position we think incorrect. The defendant entered into possession of the premises long before the passage of the law which made good faith cease with the institution of the suit. It is a sound rule of construction never to consider laws as applying to cases which arise previous to their passage, unless the legislature have in express terms declared such to be their intention. If that declaration had been made in this instance, a serious question would have arisen as to their power to do so. They have no right, perhaps, to add to the obligations or responsibility which flowed from the contract at the time the defendant made it, or abridge any of the rights which it conferred. At the time the defendant made the purchase and entered into pos-

Eastern district.
*April,* 1830.

DONALDSON
vs.
WINTER.

It is a sound principle of construction never to consider laws as applying to cases which arise previous to their passage, unless the legislature have declared such to be their intention.

session, he did so *bona fide*, and as a conse-
quence of his good faith he had a right to
make the fruits his own, until his bad
faith was established by the law as it then
stood. If he had a right then to contest a
demand for the property with the privilege of
making the fruits his own, it would seem that
a subsequent law cannot change his responsi-
bility, and say that he shall not exercise that
right unless he loses the fruits. This case
cannot be satisfactorily distinguished from
that of *Brown vs. Thompson*, 6 *M. n. s.* 426.

Taking the defendant's obligation to res-
tore the fruits by the provisions of the *Old
Code*, we think the sale from White to him
made him a possessor in good faith, and we
believe he continued so until the decision of
the case in the district court.

We think the judgment below meets the
equity and justice of the case, and is sup-
ported by the evidence in relation to the val-
ue of the improvements.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

On a rehearing, PORTER, J. delivered the
opinion of the court.

This case was argued and decided at last

May term, but doubts having arisen in the mind of the court, as to the correctness of its decision in relation to a claim for fruits, since the inception of the suit, a re-hearing was directed.

The other points made in the cause, need not be examined. They appear to have been correctly decided.

The purchase was made under the first Civil Code, and must be governed by it. The 30*th article* of that *work* 480, declares, that the *bona fide* possessor must restore the fruits which he reaps after the demand. In the case of *Daguin vs. Corin*, we lately decided, that this expression of the legislative will was too clear and unequivocal, to afford room for interpretation. 8 *Martin, n. s.*

A point, however, not made in that case, has been raised in this. The 3416 article of the *La. Code*, it is said, gives the right to the possessor in good faith, to retain the property until he is paid for his improvements; and until he is paid for them, he is not in default.

Perhaps there might be some force in this position, if the defendant, so soon as suit was commenced against him, had offered to surrender the property on being paid for his improvements. But where he resists the de-

Eastern District.
*April*, 1830.

DONALDSON
vs.
WINTER.

mand of the owner, puts his title at issue, and contests it, the plaintiff has not the means of obtaining possession on tendering the value of the improvements. At the time the provision in our former *code* was enacted, in relation to fruits, that principle which, by the **3416** *article of the La. Code,* now makes a part of our positive legislation, existed in our jurisprudence. With a knowledge of its existence, the law maker established no distinction between the possessor who had placed improvements on the property, and him who had not, and we cannot distinguish where the legislator has not.

The amount of the fruits is the next inquiry. The defendant was not required to render an account of those he had reaped or gathered. No evidence is given on the part of the plaintiff of the crops made. We must therefore recur to the estimation given by the witnesses of the value of the rent. One swears it is worth five hundred dollars a year, but the weight due to his testimony is greatly impaired by an acknowledgment drawn from him, that he rents five times the quantity adjoining, for two hundred and fifty dollars annually. And admitting his lease, which is for twenty years, to be worth, as he

states, two thousand dollars, it would still
make the rent not quite one dollar and fifty
cents an arpent.  Another witness swears the
land sued for, is worth from one dollar fifty
to two dollars an arpent yearly.  We will
take the latter sum which makes the amount of
one hundred dollars a year to be paid by the
defendant since the institution of the suit.

The sale at which the defendant purchas-
ed, was made to pay for a levee which the
police jury had ordered on the premises.
The court below, by its judgment, decreed,
that the plaintiff must pay this sum before
she recovered possession. The correctness
of the decision is impugned on the ground,
that the petitioner is also obliged to restore
the value of the improvements, and that the
levee is included in the estimation made of
them.  With the judge below, we think the
evidence shows the improvements to be
worth two thousand dollars, independent
of the levee, and that no error was commit-
ted in directing the plaintiff to return money
which had been applied to the benefit of the
succession, under which the plaintiff claims.

The improvements, and the money paid
by defendant, amount to two thousand six

Eastern District.
*March*, 1830·

DONALDSON
*vs.*
WINTER.

hundred and eighty dollars. From this, must be deducted two years and eleven months rent—two hundred and ninety-two dollars and sixty-six cents—The balance is two thousand three hundred and eighty-eight dollars and thirty-three hundredths of a dollar.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged, and decreed, that the plaintiff do recover possession of the premises set forth in the petition, and it is further ordered, that no writ issue to put the plaintiff in possession until she pay the defendant the sum of two thousand three hundred and eighty-eight dollars and thirty three hundredths of a dollar; it is further ordered, that unless the sum decreed to Gabriel Winter, for improvements is paid to him within two months from the date of this decree, said Gabriel Winter is authorized to take out execution against the plaintiff C. D. Donaldson for the same; and it is further decreed, that the defendant pay costs in both courts.